KENNETH R. MACKIE #248473
CANELO, WILSON, WALLACE & PADRON, P.C.
548 W. 21st Street
Merced, CA 95340
Tel: (209) 383-0720
Fax: (209) 383-4213
Email: kennethrmackie@hotmail.com

Attorney for Creditor: Lawrence B. Zuercher

FILED
DEC 3 1 2012
CLERK
UNITED STATES BANKRUPTCY COURT
SAN JOSE, CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re IYAD S. NAFFA, dba IYAD NAFFA, dba N A ENGINEERING,<br><br>Debtor.<br><br>LAWRENCE B. ZUERCHER<br>Plaintiff<br>vs.<br>IYAD S. NAFFA, dba IYAD NAFFA, dba N A ENGINEERING<br>Defendant | Case No.: 12-57016 ASW 7<br><br>Chapter 7<br><br>Adv. No.<br><br>**OBJECTION TO DISCHARGE OR IN THE ALTERNATIVE, TO DISMISS PETITION AT BANKRUPTCY** |

Plaintiff LAWRENCE B. ZUERCHER alleges:

**I. PARTIES AND CAPACITIES**

1. At all relevant times, plaintiff LAWRENCE B. ZUERCHER ("ZUERCHER") was a citizen and resident of the State of California and the County of Merced.

2. Based on information and belief, at all relevant times, defendant IYAD S.

1

Case: 12-05243   Doc# 1   Filed: 12/31/12   Entered: 12/31/12 10:47:11   Page 1 of 8
OBJECTION TO DISCHARGE

NAFFA, dba IYAD NAFFA, dba N A ENGINEERING ("NAFFA") is an individual, resided in the Northern District, State of California.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court over this core proceeding is predicated on 28 U.S.C. §§ 151, 157(b) and 1334.

4. Venue is proper under 11 U.S.C. § 1391(b)(1).

## III. BACKGROUND FACTS

5. On August 31, 2012, Debtor filed a Voluntary Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code, Case No.: 12-56485.

6. On September 6, 2012, Debtor was served with an "Order for Individual Debtor(s) in Chapter 7 Case to File Required Documents and Notice of Automatic Dismissal of Case in Event of Failure to Comply" dated September 4, 2012.

7. Debtor was required to file Form 6 – Summary of Schedules, and Form 6 – Statistical Summary of Certain Liabilities within 14 days.

8. On September 18, 2012, Debtor's Petition in Bankruptcy, Case No.: 12-56485, was dismissed for failure to comply with the Court's order filed on September 4, 2012.

9. On September 26, 2012, Debtor filed a new Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code, Case No. 12-57016.

10. At the same time, Debtor filed an "Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments."

11. At the meeting of creditors held on October 30, 2012, in this matter, Naffa testified under oath that he personally signed the bankruptcy petition, statements and related documents in this case before they were filed; that he read and understood them before he signed them; that he is personally familiar with the information in them and that all the information is true and correct. Naffa testified that there are no errors or omissions, that all of his assets are identified in the schedules and that all of his creditors are listed in the schedules.

12. Debtor disclosed his income as $2,000 per month on Form 6, Summary of Schedules, line I; on Form 3B, Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments, line 2; and on Form 6I, Schedule I, Current Income of Individual Debtor."

13. On "Form 6I, Schedule I, Current Income of Individual Debtor" Naffa lists his occupation as "Engineer" with an average monthly income of $2000.00.

14. On Form 7, Naffa indicated "None" for Paragraph 1, the gross income the debtor has received from employment, trade or profession or from the operation of the debtor's business. Naffa was to state the gross amounts received during the two years immediately preceding the calendar year of the petition at Bankruptcy.

15. At the meeting of Creditors held on December 6, 2012, Naffa produced a tax filing for the year 2010 and testified he did two engineering jobs in 2010, receiving $12,000.00 in income. He could not remember either of the two individuals for whom he performed the engineering jobs. He testified that the $12,000.00 was self employment income.

16. On September 27, 2012, the Court denied Debtor's request for Waiver of Chapter 7 Filing Fee and ordered Debtor to pay installments of $77.00 on or before 10/24/12; $77.00 on or before 11/24/12; $76.00 on or before 12/24/12; and $76.00 on or before 1/24/13.

17. As of December 29, 2012, Debtor failed to make *any* of the payments due.

18. The only creditors listed in Naffa's Petition at Bankruptcy are Lawrence B. Zuercher and John Font.

19. Naffa testified that the $2,000 per month in income listed in his petition and schedules is actually a loan from his girlfriend, Jordan Balsa, and that he does not know her address. Jordan Balsa is not listed as a Creditor.

20. Naffa testified he entered into a Settlement Agreement with the Pinn Brothers and owes that firm $300,000. Pinn Brothers is not listed as a Creditor.

21. Quad Knopf, Inc. obtained a default judgment against Naffa in 2009. Naffa

testified he did not know about it, then testified he didn't remember it. At the meeting of creditors held November 21, 2012, Naffa inquired about adding the Quad Knopf judgment to his bankruptcy filings. As of December 29, 2012, he had not done so.

22. Naffa testified NA Engineering closed in 2008. He also testified that the landlord, the Pinn Brothers took his office furnishings, computer and files about six months prior to October 30, 2012. On December 12, 2012, Naffa sent an email to Zuercher with the signature "Iyad Naffa, NA Engineering & Development, San Jose, Ca. naengineering1@gmail.com (408)390-6925."

23. In paragraph 18 of Form 7, Naffa listed NA Engineering, San Jose, California as the only business to which he was an officer, director, partner or managing executive of a corporation, partnership, sole proprietor, or was self-employed in a trade, profession or other activity either full- or part-time within six years immediately preceeding the commencement of this case.

24. Naffa testified his ownership in South Valley Land Development Corporation terminated in 2008. Naffa also testified he and John Font opened Jordan Crossing I, LLC. On December 29, 2012, Jordan Crossing LLC and Jordan Crossing II, LLC are still listed with the California Secretary of State as active corporations with Iyad Naffa as the agent for service of process.

25. He testified he gave away his interest in Del Rey Villas, LLC, but cannot remember when, that he received nothing in return for giving away his interest, that he couldn't remember how much of an interest he had, and that he did not remember how much money he had put into it. On September 10, 2010, Naffa testified in a Deposition that he had contributed "more than one and a half million dollars" to Del Rey Villas, LLC. In June of 2008, two days after Mehrdad Farzinpour received a demand letter from Zuercher, Naffa submitted a letter to Farzinpour and Hormoz Faryab voluntarily asking to be removed as a member of Del Rey Villas, LLC. The letter made no mention of relinquishing Naffa's economic interest in the LLC.

26. Naffa testified on November 21, 2012 that he could not recall whether he had an interest in a 705 acre project in Fresno. In a deposition held on September 10, 2010, Naffa testified he held a 32.5% interest in the project, together with Robert Comes and Hormoz Faryab.

27. In March of 2011, Naffa told attorney Kenneth R. Mackie that Naffa had five million dollars in the Bank of Jordan. Earlier, Hormoz Faryab told Lawrence Zuercher that Faryab had made substantial transfers to Naffa's Jordan bank account.

28. On October 30, 2012, Naffa testified he was not in a partnership with Hormoz Faryab and Mehrdad Farzinpour. On Novenber 21, 2012, Naffa testified there was never a partnership between he, Hormoz Faryab, Mehrdad Farzinpour, and B & G Holdings, aka Robert Comes.

29. In response to discovery propounded in Zuercher v. Naffa, Merced Superior Court case No. CU 151449, Naffa identified Hormoz Faryab, Mehrdad Farzinpour, Robert Comes and Tony Varr as his business partners.

30. The Court in Faryab v. Pinn Brothers Fine Homes, Inc., Los Angeles Superior Court case No. BC360607 found Naffa to be a general partner together with Hormoz Faryab, Mehrdad Farzinpour and Robert Comes. That decision was appealed. The finding was upheld in an unpublished decision, Faryab v. Pinn Bros. Fine Homes, 2011 WL 5079551.

31. Naffa testified there has been no winding up of that partnership.

### IV. FIRST CAUSE OF ACTION
### OBJECTION TO DISCHARGE
### 11 U.S.C. 727(a)(4)(A)
### False Statements Under Oath

32. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 31, ante.

33. Naffa knowingly made false statements under oath in this case.

34. Naffa knowingly made false statements in the petition, schedules and/or other documents filed in this case or submitted to the Trustee.

5
OBJECTION TO DISCHARGE

35. Naffa's false statements related to material facts in this case.

36. Naffa knew the statements were false when he made them.

37. Naffa made the false statements with the intention and purpose of deceiving Creditors.

### V. SECOND CAUSE OF ACTION
### MOTION FOR DISMISSAL
### 11 U.S.C. § 109(g)(1)
Filing a Subsequent Petition within 180 days following Dismissal

38. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 – 31 ante.

39. Naffa filed a voluntary petition at Bankruptcy on August 31, 2012, Case No.: 12-56485.

40. Naffa was served with an "Order for Individual Debtor(s) in Chapter 7 Case to File Required Documents and Notice of Automatic Dismissal of Case in Event of Failure to Comply" dated September 4, 2012. Debtor was required to file Form 6 – Summary of Schedules, and Form 6 – Statistical Summary of Certain Liabilities within 14 days.

41. Naffa failed to timely file the necessary schedules.

42. On September 18, 2012, Debtor's Petition in Bankruptcy, Case No.: 12-56485, was dismissed for failure to comply with the Court's order. This dismissal was not appealed.

43. On September 26, 2012, Naffa filed this instant voluntary petition at Bankruptcy.

### VI. THIRD CAUSE OF ACTION
### MOTION FOR DISMISSAL
### 11 U.S.C. § 107(a)(2)
Failure to Pay Required Fees

44. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 31 ante.

45. Naffa's application for a waiver of fees was denied and a schedule of payments ordered.

46. Naffa's first installment was due on October 24, 2012.

47. Naffa's second installment was due on or before November 24, 2012.

48. Naffa's third installment was due on or before December 24, 2012.

49. As of December 29, 2012 no payment towards any of the now past due installments has been made by Naffa.

## VII. PRAYER FOR RELIEF

Wherefore Plaintiff prays for judgment against the Defendant as follows:

**UNDER THE FIRST CAUSE OF ACTION
OBJECTION TO DISCHARGE**
11 U.S.C. 727(a)(4)(A): False Statements Under Oath

1. Denial of Discharge for cause with prejudice;

2. Costs of suit reasonably incurred herein;

3. Such further relief as the court deems just and proper.

In the alternative,

**UNDER THE SECOND CAUSE OF ACTION
MOTION FOR DISMISSAL**
11 U.S.C. § 109(g)(1): Filing a Subsequent Petition within 180 days following Dismissal

1. Dismissal of the petition at Bankruptcy for cause with prejudice;

2. Costs of suit reasonably incurred herein;

3. Such further relief as the court deems just and proper.

In the alternative,

**THIRD CAUSE OF ACTION
MOTION FOR DISMISSAL**
11 U.S.C. § 107(a)(2): Failure to Pay Required Fees

1. Dismissal of the petition at Bankruptcy;

2. Costs of suit reasonably incurred herein;

3. Such further relief as the court deems just and proper.

Respectfully submitted,

DATED: December 31, 2012

*signature*

KENNETH R. MACKIE
Attorney for Creditor
LAWRENCE B. ZUERCHER